# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Oscar L. Garcia, et al., | Case No.: 2:17-cv-03123-JAD-VCF |
| Plaintiffs | **Order Granting in Part Motion to Dismiss and to Strike** |
| v. | [ECF No. 20] |
| Equifax Information Services LLC, | |
| Defendant | |

In their second amended complaint, plaintiffs Oscar Garcia, Donald Sutton, and Clarence Williams allege that they notified defendant Equifax Information Services, LLC of believed inaccuracies in their credit reports and that Equifax never responded. They contend that Equifax violated a provision of the Fair Credit Reporting Act (FCRA) that requires credit reporting agencies to notify consumers who have reported inaccuracies that a reinvestigation has been completed. The plaintiffs also raise allegations to represent a purported nationwide class. Equifax moves to dismiss and to strike the class allegations, arguing that the plaintiffs have failed to allege that their credit files contained an actual inaccuracy and that individual factual inquiries predominate these claims, making them inappropriate for class adjudication. I grant Equifax's motion to dismiss because the plaintiffs failed to allege that there were actual inaccuracies on their reports, a prima facie element of their case. And because I grant leave to amend, I deny Equifax's motion to strike the class allegations without prejudice to its ability to re-urge that request in response to the amended complaint.

## Analysis

Under FCRA, a credit reporting agency (CRA) must "conduct a reasonable reinvestigation" upon receiving a dispute notice from a consumer concerning the accuracy of

information in a consumer report.[1] Upon completion of this reinvestigation, a CRA must either notify the consumer in writing that it determined the dispute is frivolous under § 1681i(a)(3)(B) or of the results of the reinvestigation under § 1681i(a)(6). The plaintiffs do not challenge Equifax's reinvestigation procedures; their only claim is that Equifax violated these so-called "prompt-notice" requirements.

To state a claim under § 1681i, the consumer must make a prima facie showing of inaccurate reporting.[2] The plaintiffs argue, however, that they are not required to allege that the reporting they believed to be inaccurate was actually inaccurate. They argue that a claim under the prompt-notice requirements does not require the same showing of inaccuracy that is required for all other § 1681i claims and that holding otherwise would render the prompt-notice provisions superfluous.

But the Ninth Circuit's precedent requires plaintiffs to plead and prove an inaccuracy on their credit report to state any § 1681i claim. In *Carvalho v. Equifax Information System, LLC*, the Ninth Circuit considered a district court order granting summary judgment in the defendant's favor on claims brought under two provisions of California's state-law analog to the FCRA: one that requires CRAs to conduct a reinvestigation after a consumer notifies it of a believed inaccuracy, and another requiring notice of the results of the reinvestigation be sent to the consumer.[3] After determining that the California law was "substantially based on the [FCRA]," the court turned to the question of whether the plaintiff was required to show inaccuracies for her

---

[1] 15 U.S.C. § 1681i(a)(1)(A).

[2] *Carvalho v. Equifax Info. Sys., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008).

[3] *Carvalho*, 629 F.3d at 889.

claim to survive.[4] The court found that, "although the FCRA's reinvestigation provision . . . does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including [the Ninth Circuit], have imposed such a requirement."[5] This requirement "comports with the purpose of the FCRA, which is to 'protect consumers from the transmission of inaccurate information about them.'"[6] The Ninth Circuit held that, for a plaintiff's § 1681i claim to survive, he or she must make a prima facie showing of inaccuracy.[7] The court applied this rule without distinguishing between the plaintiff's claims that the reinvestigation procedures were inadequate and her claim that she received no notice after the reinvestigation's conclusion.

      The plaintiffs here attempt to distinguish *Carvalho*, but their distinction cherry picks from the district court order that *Carvalho* affirms. That order questioned the inaccuracy requirement but ultimately applied it to the prompt-notice provisions because "[t]hose provisions are tied to the underlying reinvestigation requirements, and a plaintiff who cannot state a claim for inadequate reinvestigation procedures logically cannot state a claim for failure to provide notice of alleged defects in those procedures."[8] The plaintiffs cite no authority that has applied *Carvalho*'s requirement to some claims under § 1681i and not to others. The cases they cite do not support their proposed rule because the presence of inaccuracies was not disputed in those

---

[4] *Id.*

[5] *Id.* at 890.

[6] *Id.*

[7] *Id.*

[8] *Carvalho v. Equifax Info. Sys., LLC*, 588 F. Supp. 2d 1089, 1099–1100 (N. D. Cal. 2008), *aff'd*, 629 F. 3d 876 (9th Cir. 2010).

3

cases.⁹  Plus, courts in this district have found that an actual inaccuracy is an element of all claims under § 1681i.¹⁰

    The plaintiffs are therefore required to allege not only that they believed Equifax reported an inaccuracy in their credit files, but also that the reporting actually was inaccurate.  They do not raise these allegations in their second amended complaint, so I grant Equifax's motion to dismiss without prejudice.  The plaintiffs have 10 days to file an amended complaint to allege facts to support this element of their claim under § 1681i if they can truthfully do so.  Because I am granting leave to amend and motions to strike are generally disfavored in this context,¹¹ I deny Equifax's motion to strike the plaintiffs' class allegations without prejudice to Equifax re-urging it after the plaintiffs file their amended complaint.

---

⁹ *See, e.g.*, *Hiep Le v. Bank of Am., N.A.*, 2018 WL 1383808 (D. Nev. Mar. 19, 2018) (no consideration of whether inaccuracy was required because the defendant did not dispute that an inaccuracy was reported); *Adan v. Insight Investigation, Inc.*, 2018 WL 467897 (S.D. Cal. Jan. 18, 2018) (holding that the plaintiff had standing in a case where the parties did not dispute that an inaccuracy appeared on the plaintiff's credit file); *Boydstun v. U.S. Bank Nat'l Ass'n ND*, 2013 WL 5524693 (D. Or. June 6, 2013) (considering only what qualifies as an inaccuracy to satisfy *Carvalho*'s requirement and not whether the requirement applied); *Ricketson v. Experian Info. Sols., Inc.*, 266 F. Supp. 3d 1083 (W. D. Mich. 2017) (denying summary judgment because there was a factual dispute about whether there was an inaccuracy and noting that the Ninth Circuit has held that § 1681i claims fail without a showing of inaccuracy).

¹⁰ *Florence v. Cenlar Fed. Savings & Loan*, 2018 WL 1145804 at * 4 (D. Nev. March 1, 2018); *Hannon v. Northeast Credit & Collections*, 2018 WL 577216 at *1 (D. Nev. Jan. 26, 2018).

¹¹ *See Thorpe v. Abbot Lob., Inc.*, 534 F. Supp. 2d 1120, 1125 (N. D. Cal. 2008); *Kazemi v. Payless Shoesource, Inc.*, 2010 WL 963225 at *2 (N. D. Cal. March 16, 2010).

**Conclusion**

IT IS THEREFORE ORDERED that Equifax's motion to dismiss and to strike **[ECF No. 20] is GRANTED IN PART:** Equifax's motion to dismiss is granted, but its request to strike the class allegations is denied without prejudice. The plaintiffs have until April 14, 2019, to file an amended complaint.

Dated: April 4, 2019

_____
U.S. District Judge Jennifer A. Dorsey