# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Oscar L. Garcia, Donald S. Sutton, and Clarence Williams, | Case No.: 2:17-cv-03123-JAD-VCF |
| Plaintiffs | **Order Granting in Part Motion to Dismiss and to Strike** |
| v. | [ECF No. 28] |
| Equifax Information Services, LLC, | |
| Defendant | |

Consumers Oscar Garcia, Donald Sutton, and Clarence Williams sue consumer reporting agency Equifax Information Services, LLC, claiming that Equifax violated its duty under the Fair Credit Reporting Act (FCRA)[1] to promptly respond to their letters disputing the accuracy of information that Experian reported on them. I previously dismissed plaintiffs' claims because they failed to allege that there were actual inaccuracies in their reports, which is a prima facie element of their case.[2] But I granted plaintiffs leave to amend to cure this defect and I denied Equifax's motion to strike plaintiffs' class allegations as a result.[3]

Plaintiffs timely amended their pleading with allegations about the inaccuracies in their credit reports.[4] Equifax moves to dismiss plaintiffs' amended claims, arguing that many of the claimed inaccuracies are, in reality, accurate reports of historical account information that are not actionable as a matter of law.[5] Equifax also moves to strike plaintiffs' class allegations on the

---

[1] 15 U.S.C. § 1681, et seq.

[2] ECF No. 26 (order granting in part motion to strike and dismiss).

[3] *Id.*

[4] ECF No. 27 (third-amended complaint).

[5] ECF No. 28 (dismissal motion).

basis that individualized accuracy inquiries would predominate over any common issues that plaintiffs might otherwise present.[6]  Equifax further argues that plaintiffs cannot proceed as a nationwide class because this court lacks general jurisdiction over it and cannot exercise specific jurisdiction over it for the claims of class members who reside outside of Nevada.[7]

I grant Equifax's motion to dismiss in part.  The upshot is that I dismiss all of Williams's claims with prejudice and without leave to amend; I dismiss all of Sutton's claims with prejudice and without leave to amend—except the claims predicated on his mortgage account with Clark County Credit Union (CCCU); I do not dismiss any of Garcia's claims; and I strike the class allegations because Equifax has demonstrated—and plaintiffs failed to refute—that individualized inquiries about the inaccuracy of the disputed items of information will predominate over any questions that are common to the class members.

## Discussion

## I.    Dismissing claims based on accurate reports of historical information

### A.    Legal standard for dismissal under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[8]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[9]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

---

[6] *Id.*

[7] *Id.*

[8] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[9] *Twombly*, 550 U.S. at 570.

speculative level."[10]   In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[11]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[12]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[13]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[14]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[15]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[16]

## B.   Discussion

Couched as a claim for generally violating the FCRA, plaintiffs contend that Equifax violated several of the duties that it owed them under 15 U.S.C. § 1681i after they disputed the accuracy of various items of information that Equifax had furnished in credit reports on each of

---

[10] *Iqbal*, 556 U.S. at 678.

[11] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Id.*

[14] *Id.* at 679.

[15] *Id.*

[16] *Twombly*, 550 U.S. at 570.

them.[17]  Plaintiffs also seek a declaration to the same effect, and that declaratory-relief claim is redundant of their FCRA claim.[18]  To state a colorable claim for relief under § 1681i, each plaintiff must make a prima facie showing that: (1) Equifax furnished an item of information on a credit report on him that was inaccurate; (2) he disputed the accuracy of that item with Equifax; and (3) Equifax failed to timely notify him that either his dispute was deemed frivolous or about the results of the reinvestigation.[19]

Equifax moves to partially dismiss plaintiffs' FCRA claim, arguing that they failed to make a prima facie showing that all of the items of information that they disputed were inaccurate.[20]  It recounts that, to constitute an inaccuracy for the purposes of FCRA liability in the Ninth Circuit, the disputed information "must be either 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"[21]  Equifax dissects the plaintiffs' allegations of inaccurate reporting, identifying several disputed items of information that it contends are accurate reports of historical account information that are not actionable under the FCRA.[22]  Equifax points out that courts across this country, including in this district, "have consistently held that the reporting of historical information regarding an account is not an 'inaccuracy' under this standard."[23]

---

[17] ECF No. 27 at ¶¶ 1–112.

[18] *Id.* at ¶¶ 113–17.

[19] *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).

[20] ECF No. 28 at 6–9.

[21] *Id.* at 7 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

[22] *Id.* at 8–9.

[23] *Id.* (collecting cases).

Although plaintiffs filed an extensive response to Equifax's dismissal motion, they do not address Equifax's argument that accurate reports of historical account information are not actionable under the FCRA.[24]  Nor do they respond to Equifax's argument that many of plaintiffs' alleged inaccuracies are simply accurate reports of historical account information.[25]  As Equifax points out, plaintiffs instead rehash their arguments that an actual inaccuracy is not an element of their prima facie case.[26]  I nonetheless consider the merits of Equifax's arguments.

### *1.   Williams*

Williams complains that the report of a balloon payment of $196,923 for his account with Citifinancial Mortgage was inaccurate because he "had performed all obligations owed to" that creditor.[27]  He alleges that Equifax furnished this disputed information in a consumer disclosure dated November 29, 2016.[28]  Equifax argues that this was an accurate report of historical account information, not an inaccuracy, and to support this point it provides a copy of Williams's disputed consumer disclosure.[29]  The disclosure shows that Williams's Citifinancial Mortgage account was listed under the heading "mortgage accounts" and subheading "closed accounts."[30]

---

[24] *See generally* ECF No. 34 (response).

[25] *Id.*

[26] *See id.* at 13–15.

[27] ECF No. 27 at ¶ 66.

[28] *Id.*

[29] ECF No. 29-3.  Williams identifies and repeatedly references this disclosure in his third-amended complaint.  *See* ECF No. 27 at ¶¶ 66–68.  This disclosure is integral to Williams's claim under § 1681i that Equifax failed to respond to his notice disputing the accuracy of an item of information that Equifax furnished in this disclosure.  Thus, this disclosure falls under the doctrine of incorporation by reference and I may consider it in determining Equifax's dismissal motion without converting the motion into one for summary judgment.  *See U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

[30] *Id.* at 3.

The disclosure also shows that this account was repeatedly identified with the "pays as agreed" status with a balance of "$0."[31]  It further shows that this account was closed "06/2008" and lists "08/2021" for the "balloon payment date."[32]

Due to the fuller picture that the disclosure provides for this account, and despite construing the facts in the light most favorable to Williams and drawing all inferences in his favor, I cannot conclude that he has plausibly alleged that Equifax's reporting the fact and amount of a balloon payment for this account was either patently incorrect or misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions.  The disputed disclosure includes several clear statements that the account is closed with no payment still due.  I therefore grant Equifax's motion to dismiss this alleged inaccuracy.  Because the balloon payment is the only inaccuracy that Williams alleges for his § 1681i claim, this is his third attempt to plead that claim, and his other claim (for declaratory relief) is redundant of his §1681i claim, I dismiss all of Williams's claims with prejudice and without leave to amend.

### 2. *Sutton*

Sutton complains that reporting a balance of $30,385, scheduled payment of $538, first date of major delinquency of 05/2011, and status of "charge off" for his mortgage account with CCCU were all inaccurate because he "had performed all obligations owed" to this creditor.[33] He also contends that reporting multiple charge-off notations for this account was inaccurate because an account cannot be charged-off more than once and the notations suggested that the debt "continued to be collectible notwithstanding his Chapter 13 bankruptcy filing on April 19,

---

[31] *Id.*

[32] *Id.* at 4.

[33] ECF No. 27 at ¶ 39(a).

2011."[34]  Sutton explains in a footnote that "this account was stripped off and deemed unsecured in [his] bankruptcy [case], and no action was taken to reaffirm the debt."[35]  Sutton also complains that reports of a scheduled payment of $531 for his installment account with CCCU, a scheduled payment of $1,325 for his account with Regions Mortgage, and a scheduled payment of $338 for his account with FMC-Omaha were all inaccurate because "he presently owed no such amount."[36]

Sutton alleges that Equifax furnished this disputed information on a consumer disclosure dated December 5, **2017**,[37] but to demonstrate that the scheduled payments and balances were accurate reports of historical information for these accounts, not inaccuracies, Equifax provides a copy of Sutton's consumer disclosure dated December 5, **2016**.[38]  But Sutton alleges that he sent his first dispute letter to Equifax on February 13, 2017,[39] his second letter on April 10, 2017,[40] his third one on June 5, 2017,[41] and all three letters are about the same consumer report, so it can

---

[34] *Id.*

[35] *Id.* at ¶ 39(a) & n.4.

[36] *Id.* at ¶ 39(b)–(d).

[37] *Id.* at ¶ 39.

[38] ECF No. 29-2 at 2.  Sutton identifies and repeatedly references this disclosure in his third-amended complaint.  *See* ECF No. 27 at ¶¶ 39–41.  This disclosure is integral to Sutton's claim under § 1681i that Equifax failed to respond to his notice disputing the accuracy of various items of information that Equifax furnished in this disclosure.  Thus, this disclosure falls under the doctrine of incorporation by reference and I may consider it in determining Equifax's dismissal motion without converting the motion into one for summary judgment.  *See Ritchie*, 342 F.3d at 907–08.

[39] ECF No. 27 at ¶ 41.

[40] *Id.* at ¶ 52.

[41] *Id.* at ¶ 54.

7

be reasonably inferred that Sutton's allegation of a December 2017 disclosure date is a typo and the consumer report that he complains about is actually dated December 5, 2016.[42]

The disclosure shows that Sutton's mortgage account with CCCU is listed under the heading "mortgage accounts" and subheading "closed accounts."[43]  The disclosure also shows that this account is repeatedly identified as having the status of "charge-off" with a balance of "$30,385."[44]  It shows "$38,653 for the "charge-off amount" and a "scheduled payment amount" of $538."[45]  It states in the "comments" section that this is a "charged off account, fixed rate."[46]  Sutton's bankruptcy is not an item of information that is disclosed for this account.[47]  But it is an item of information that is disclosed for other of his accounts.[48]

The disclosure shows that Sutton's account with Regions Mortgage is listed under the heading "mortgage accounts" and subheading "closed accounts."[49]  It states a "scheduled payment amount [of] $1,325" for this account.[50]  The disclosure also repeatedly states that this account's status is "pays as agreed" with a balance of "$0."[51]

---

[42] Otherwise, Sutton would have complained in the past about the contents of a future disclosure.

[43] ECF No. 29-2 at 4.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 4–7.

[48] *See id.* at 3–4 (disclosure states for the Chase mortgage account the "comment" of "Bankruptcy chapter 13" and status of "wage earner plan").

[49] *Id.* at 3, 7.

[50] *Id.* at 7.

[51] *Id.*

The disclosure shows that Sutton's installment account with CCCU is listed under the heading "installment accounts" and subheading "closed accounts."[52]  It repeatedly states that this account's status is "pays as agreed" with a balance of "$0."[53]  And it states that this account was "closed" in "11/2006."[54]

Finally, the disclosure shows that Sutton's installment account with FMC-Omaha is reported under an "installment accounts" heading and "closed accounts" subheading."[55]  The disclosure shows that this account is repeatedly identified as having the status of "pays as agreed" with a balance of "$0."[56]  It shows that "$338" is listed for the "scheduled payment amount," but it also states an "activity description" of "paid and closed" was "closed" in "05/2010."[57]

Due to the fuller picture that the disclosure provides for these accounts, and despite construing the facts in the light most favorable to Sutton and drawing all inferences in his favor, I cannot conclude that he has plausibly alleged that Equifax's reporting the fact and amount of scheduled payments and balances for his Regions Mortgage, CCCU-installment, and FMC-Omaha accounts was either patently incorrect or misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions.  The disputed disclosure includes several clear statements that each of these accounts were closed with no payment still due.  I therefore grant Equifax's dismissal motion as to the inaccuracies allegedly reported about these

---

[52] *Id.* at 8–11.

[53] *Id.* at 11.

[54] *Id.* at 12.

[55] *Id.* at 8–13.

[56] *Id.* at 13–14.

[57] *Id.* at 14.

9

three accounts.  Because this is Sutton's third attempt to plead a § 1681i claim, and his other claim (for declaratory relief) is redundant of his § 1681i claim, I dismiss all of Sutton's claims that are predicated on these accounts with prejudice and without leave to amend.

But I deny the motion to dismiss the allegedly inaccurate balance and payment information that Equifax reported for Sutton's CCCU-mortgage account.  Sutton alleges that his Chapter 13 bankruptcy case, filed on April 19, 2011, affected this account, but Equifax's disclosure did not list any information about Sutton's bankruptcy within the account's tradeline. It is therefore plausible that the items of information that Sutton disputes for this account— including the payment and balance items that are the subject of Equifax's dismissal motion— were patently wrong or misleading in such a way and to such an extent that they could be expected to adversely affect credit decisions.  Sutton may therefore proceed on his claim predicated on the information reported for his CCCU-mortgage account.

### *3.* *Garcia*

Garcia complains that reports of a balance of $82,544, date of first delinquency of 12/2013, date of first major delinquency of 01/2014, and a charge-off in 01/2014 for his Nationstar Mortgage account were all inaccurate because he "had performed all obligations owed" to this creditor.[58]  He further alleges that Equifax should have reported that this account was "paid as agreed."[59]  He alleges that Equifax furnished this disputed information on a consumer disclosure dated June 6, 2017.[60]

---

[58] ECF No. 27 at ¶ 14.

[59] *Id.*

[60] *Id.*

To demonstrate that the balance was an accurate report of historical account information, not an inaccuracy, Equifax provides a copy of Garcia's disputed consumer disclosure.[61]  The disclosure shows that Garcia's Nationstar Mortgage account is reported with a balance and amount past due of "$82,444," a status of "charge off," and "additional information" stating that it was "transferred to recovery; charged off account; fixed rate."[62]  The disclosure also shows that this account is coded with an "L" status code, which the disclosure explains stands for "charge off."[63]

Despite the fuller picture that the disclosure provides for this account, and construing the facts in the light most favorable to Garcia and drawing all inferences in his favor, I conclude that he has plausibly alleged that Equifax's reporting the fact and amount of a balance for this account was either patently incorrect or misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions.  It is plausible because Garcia alleges that he performed all obligations that were owed to this creditor and the account should have been reported as "paid as agreed."[64]  Thus, I deny Equifax's dismissal motion as to Garcia.

## II.    Striking class allegations

Plaintiffs contend that Equifax violated its duty under 15 U.S.C. § 1681i(a)(6)(A) to conduct a timely reinvestigation into the consumers' disputes and then timely notify the

---

[61] ECF No. 29-1.  Garcia identifies and repeatedly references this disclosure in his third-amended complaint.  *See* ECF No. 27 at ¶¶ 14–16.  This disclosure is integral to Garcia's claim under § 1681i that Equifax failed to respond to his notice disputing the accuracy of various items of information that Equifax furnished in this disclosure.  Thus, this disclosure falls under the doctrine of incorporation by reference and I may consider it in determining Equifax's dismissal motion without converting the motion into one for summary judgment.  *See Ritchie*, 342 F.3d at 907–08.

[62] *Id.* at 9.

[63] *Compare* ECF No. 29-1 at 9, *with* ECF No. 29-1 at 6.

[64] ECF No. 27 at ¶ 14.

11

consumers about the results of the reinvestigations.[65]  Plaintiffs propose a nationwide class

consisting of all consumers since December 12, 2016, who notified Equifax of a dispute about an

account balance, balloon payment, scheduled payment amount, charge-off status, multiple post-

bankruptcy charge-offs on an unsecured interest not reaffirmed in bankruptcy, date of first

delinquency, or date of first major delinquency and for whom Equifax failed to timely respond

with the results of the reinvestigation.[66]

Equifax moves under Rules 12(f) and 23(d)(1)(D) of the Federal Rules of Civil Procedure

to strike plaintiffs' class allegations.[67]  Striking or dismissing class allegations at the pleading

stage is rare; a motion to grant or deny class certification is the better vehicle to determine the

sufficiency of class allegations.[68]  But if it is plain from the face of the pleadings that the class

requirements cannot be met, then a court may dismiss class claims or strike class allegations.[69]

Equifax argues that striking the class allegations is appropriate here because, to qualify

for class certification, plaintiffs must demonstrate that questions of law or fact common to the

class members predominate over any questions affecting only individual members.[70]  "The

predominance inquiry 'asks whether the common—aggregation-enabling—issues in the case are

more prevalent or important than the non-common—aggregation-defeating—individual

---

[65] *Id.* at ¶ 93.

[66] *Id.* at ¶ 90.

[67] ECF No. 28 at 11–15.

[68] *See, e.g.*, *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (collecting authorities from outside of the Ninth Circuit).

[69] *See, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal 2009).

[70] ECF No. 28 at 11 (citing Fed. R. Civ. P. 23(b)(3)).

issues.'"[71]  When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately such as damages or some affirmative defenses peculiar to some individual class members.'"[72]

Equifax argues that it is apparent that individual questions will predominate here because an actual inaccuracy is an element of each plaintiff's § 1681i claim and it requires an individualized inquiry.[73]  Plaintiffs do not refute Equifax's characterization that the questions of actual inaccuracies raised in this case turn on individual evidence for each plaintiff, i.e., judicial records from bankruptcy cases, financial records of payments made, or contracts between the consumer and creditor.  Plaintiffs instead respond by disputing that an actual inaccuracy is an element of their prima facie case.[74]  But I decided this issue against them on a previous dismissal motion, determining that, to state a colorable claim under § 1681i, plaintiffs must "allege not only that they believed Equifax reported an inaccuracy in their credit files, but also that the reporting actually was inaccurate."[75]

Plaintiffs do argue that two issues are common to the class and will predominate over all others—whether Equifax: (1) received plaintiffs' dispute notices and (2) failed to notify plaintiffs

---

[71] *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal commas replaced with em dashes) (quoting *Newberg* at § 4:49, pp. 195–96).

[72] *Id.* (quoting 7AA C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1778, pp. 123–24 (3d ed. 2005)).

[73] ECF No. 28 at 12 (citing *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)).

[74] ECF No. 34 at 13–15.

[75] ECF No. 26 at 4.  Plaintiffs do not invoke or meet the standard for reconsideration of that interlocutory order.  *Compare* ECF No. 34, *with* L.R. 59-1(a) (explaining the standard for seeking reconsideration of interlocutory orders and situations when it might be appropriate).

13

either that their disputes were deemed frivolous or about the results of the reinvestigation.[76]  The

Supreme Court explained in *Tyson Foods, Inc. v. Bouaphakeo* that "[a]n individual question is

one where 'members of a proposed class will need to present evidence that varies from member

to member,' while a common question is one where 'the same evidence will suffice for each

member to make a prima facie showing or the issue is susceptible to generalized, class-wide

proof.'"[77]  Plaintiffs argue that the first question is susceptible to generalized, class-wide proof

by querying Equifax's records for a summary of all disputes it received about specific items of

information in the class period.[78]  They contend that Equifax can provide this information

because it assigns internal codes to dispute elements.[79]  As for the second question, plaintiffs

argue that Equifax can again query its records and "identify the number of those consumers for

whom [it] cannot confirm it provided prompt notice of its reinvestigation results[.]"[80]  Plaintiffs

don't allege that Equifax has an internal code for when it provides a "prompt" or "timely"

response to a consumer's dispute, but it is plausible that Equifax's records contain both the date

that it received and responded to each dispute notice.  Plaintiffs have carried their burden at this

stage to plausibly show that these two questions are common to the class.

Plaintiffs have not, however, carried their burden to plausibly show that these questions

are more numerous or important than questions about the inaccuracy of the disputed items of

information.  Plaintiffs fail the predominance inquiry because I have already rejected their sole

---

[76] ECF No. 34 at 7–8.

[77] *Tyson Foods, Inc.*, 136 S. Ct. at 1045 (brackets omitted) (quoting 2 W. Rubenstein, *Newberg on Class Actions* § 4:50, pp. 196–97 (5th ed. 2012)).

[78] ECF No. 34 at 15.

[79] *Id.*

[80] *Id.*

reason why their proffered common questions predominate over all others: in plaintiffs' opinion, their questions "obviate the very individualized inquiry that Equifax complains of" because an actual inaccuracy is not an element of their prima facie case.[81]  But this reasoning is flawed. Although striking class allegations at the pleading stage is rare, plaintiffs' continued reliance on a rejected legal theory, coupled with their failure to address the merits of Equifax's arguments head on, among other things, persuade me that individual questions of inaccuracy will predominate in this litigation.[82]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Equifax's motion to dismiss plaintiffs' third-amended complaint and to strike plaintiffs' class allegations is **GRANTED in part and DENIED in part**:

• Williams's claims are dismissed with prejudice and without leave to amend;

• Sutton's claims are dismissed with prejudice and without leave to amend EXCEPT for his claims predicated on the information reported for his CCCU-mortgage account identified as the "First Account No. 5497";

• Garcia may proceed on all of his claims; and

• Plaintiffs' class allegations are deemed struck.

_____
U.S. District Judge Jennifer A. Dorsey
March 23, 2020

---

[81] *Id.* at 7.

[82] Because I strike plaintiffs' class allegations on predominance grounds, I need not and do not address Equifax's other arguments on this subject.

15